UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN O. HARPER,

          Plaintiff,

v.

STEVEN JOHNSON, JOHN DOE, C.O. PERZEN, C.O. MILES, C.O. AKORE, C.O. JARDIAN, JOHN DOES, JOHN DOES RN NURSE, JANE DOE HSM MANAGER, JANE DOE ASSISTANT HSM, JANE DOE 8TH FLOOR UM, and JANE DOES RN,

          Defendants.

Case No. 25-CV-1873-JPS

**ORDER**

Plaintiff Kevin O. Harper ("Plaintiff"), a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

1.     **THE FILING FEE**

A party may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed *in forma pauperis*. Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997) (superseded by rule on other, inapplicable grounds); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to

all [*in forma pauperis*] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

In making such a request, a pro se litigant must submit an affidavit including a statement of all assets possessed by the litigant as well as stating the nature of the action and the affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a). In order to qualify to proceed in forma pauperis, the pro se litigant need not be "absolutely destitute." *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). In forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972).

Plaintiff submitted his financial information with his motion to proceed without prepayment of the filing fee. ECF No. 2. Based on his monthly expenses and income, the Court accepts that Plaintiff is indigent. The Court will accordingly grant the motion to proceed without prepayment of the filing fee. However, the inquiry does not end there; the Court must also screen the action.

2. **SCREENING THE COMPLAINT**

   2.1 **Federal Screening Standard**

Notwithstanding the payment of any filing fee, when a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (internal citation omitted). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81. However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 2.2 Plaintiff's Allegations

Plaintiff brings this action against Defendants Steve Johnson ("Johnson"), C.O. Perzen ("Perzen"), C.O. Miles (Miles"), C.O. Akore ("Akore"), C.O. Jardian ("Jardian"), and various John Doe defendants ("Does"). ECF No. 1 at 1. Plaintiff alleges that Defendants failed to provide him adequate medical care at the Milwaukee Secure Detention Facility ("MSDF") *Id.* Plaintiff arrived at MSDF in mid-August 2025. *Id.* at 3. Plaintiff told staff during processing that he had severe asthma and had difficulty

breathing. *Id.* Plaintiff requested an asthma inhaler for his condition. *Id.* Despite this knowledge, the nurse refused his request and told Plaintiff that asthma medication was an undue expense for whiny inmates. *Id.* Plaintiff also made several Does aware of his need for asthma medication during processing; they ignored his requests. *Id.* Plaintiff continued to ask staff for asthma treatment during the next few days. *Id.*

On the fourth day, Plaintiff received a medical inhaler, but it had another prisoner's name on the label. *Id.* Plaintiff notified the nurse in order to follow the rules; the nurse then threatened Plaintiff with a conduct report for having medication without his name on it. *Id.* Plaintiff gave back the inhaler to avoid getting a conduct report. *Id.* Plaintiff was having trouble breathing at this time and he continued to ask staff for medical assistance; the staff all refused to help him. *Id.* at 4.

On August 18, 2025, staff announced that they would be cutting off the air circulation in Plaintiff's unit for a repair. *Id.* Plaintiff again told staff about his breathing issues and his need for an inhaler. *Id.* Plaintiff told staff he had more difficulty breathing as a result of the lack of air circulation. *Id.* Specifically, Plaintiff told Luckett, Akore, Jalastic, Guardian, and Ferrier about his need for asthma medication, and they refused to help him. *Id.*

Eventually, Plaintiff's condition worsened and he had an asthma attack that caused his cellmate to bang on the door for medical attention. *Id.* As a result of the asthma attack, Plaintiff hit his head on the floor and wall, which caused a head injury with severe swelling. *Id.* After about thirty minutes of banging on the door, Plaintiff's cellmate was finally able to get emergency medical personnel on the unit. *Id.* Ferrier, Thomas, and Brian finally came to address Plaintiff's asthma attack. *Id.* Without evaluating him, they gave Plaintiff an albuterol inhaler and jokingly told him not to breath the dusty air at MSDF. *Id.* Plaintiff asked if they were going to treat

his head injury. *Id.* at 5. They refused to help Plaintiff because it was the end of their shift and they did not want to do any overtime that day. *Id.*

Plaintiff wrote to the HSU manager for medical treatment for his head, but he never received any treatment. *Id.* Plaintiff continues to suffer from the side effects of the head injury. During his stay at MSDF, Plaintiff contacted numerous officials to let them know that he needed asthma medication or treatment, especially with the air circulation issue. The staff refused to help Plaintiff.

**2.3     Analysis**

The Court finds that Plaintiff may proceed against Johnson, Perzen, Miles, Akore, Jardian, and the Does on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of

the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against these defendants. Plaintiff alleges a lack of treatment for his serious asthma condition and for his head injury after suffering an asthma attack. Plaintiff further alleges that Defendants knowingly failed to provide adequate treatment. As such, the Court finds that Plaintiff may proceed against Johnson, Perzen, Miles, Akore, Jardian, and the Does on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs. The Court notes that Plaintiff will need to clarify each person's involvement more specifically when he identifies the Does; however, the Court finds Plaintiff's allegations sufficient to survive screening.

The Court will also allow Plaintiff to proceed against Johnson, Perzen, Miles, Akore, Jardian, and the Does on a state law claim for negligence. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). As such, the Court will allow Plaintiff to proceed on a state law claim against Johnson, Perzen, Miles, Akore, Jardian, and the Does for negligence.

### 3. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Johnson, Perzen, Miles, Akore, Jardian, and the Does for their deliberate indifference to Plaintiff's serious medical needs.

**Claim Two:** State law negligence claim against Johnson, Perzen, Miles, Akore, Jardian, and the Does for their failure to adequately treat Plaintiff's medical condition.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendant should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Johnson, Perzen, Miles, Akore, and Jardian**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed.

Page 7 of 9
Case 2:25-cv-01873-JPS   Filed 01/09/26   Page 7 of 9   Document 4

Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

    **IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

    Dated at Milwaukee, Wisconsin, this 9th day of January, 2026.

                      BY THE COURT:

                        _____
                        J. P. Stadtmueller
                        U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.